SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (BAR #263326)
JOE B. ANGELO (BAR #268542)
SCOTT M. JOHNSON (BAR #287182)
**SAGARIA LAW, P.C.**
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| BETTY GRAHAM, <br><br> Plaintiff, <br><br> v. <br><br> Equifax, Inc.; TransUnion, LLC; Allied Collection Services of California, LLC; Ford Motor Credit Company, LLC and DOES 1 through 100 inclusive, <br><br> Defendants. | CASE NO. 5:16-cv-02161 <br><br> SECOND AMENDED COMPLAINT FOR DAMAGES: <br><br> 1. Violation of Fair Credit Reporting Act; <br> 2. Violation of California Consumer Credit Reporting Agencies Act |

COMES NOW Plaintiff BETTY GRAHAM, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a). Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 7 bankruptcy.

**JURISDICTION & VENUE**

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and

every paragraph above, fully set forth herein.

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681

4. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

5. Plaintiff filed for Chapter 7 bankruptcy protection on August 29, 2014 in order to reorganize and repair Plaintiff's credit. Plaintiff's Chapter 7 was discharged on December 15, 2014.

6. On December 15, 2014 Plaintiff ordered a three bureau report from Equifax, Inc. to ensure proper reporting by Plaintiff's creditors.

7. Plaintiff noticed several tradelines all reporting misleading and inaccurate account information.

8. Defendant Allied Collection Services of California, LLC was reporting Plaintiff's account, beginning in D8094, as in collections, despite Plaintiff's chapter 7 discharge..

9. Defendant Ford Motor Credit Company, LLC was reporting Plaintiff's account, beginning in 1013, as being late, despite the loan being paid off and Plaintiff bringing the account current.

10. Ford Motor Credit Company, LLC's did not report the late payment as historical information but rather in the account status portion of Plaintiff's credit report, implying that Plaintiff was late with her payments despite having paid Ford Motor Credit Company, LLC in full.

11. In response to the perceived inaccuracies on Plaintiff's credit report, Plaintiff disputed the inaccurate tradelines via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

12. Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them.

13. Defendants Allied Collection Services of California, LLC and Ford Motor Credit Company, LLC failed to conduct a reasonable investigation and continued to report falsely to Equifax, Inc.; and TransUnion, LLC misleading and inaccurate account information as identified above in Paragraphs 8 – 10.

14. Ford Motor Credit Company, LLC continued to report Plaintiff's account as late in the account status portion on Plaintiffs credit report despite Plaintiff subsequently bring the account current and ultimately paying the account in full.

15. Alternatively, Equifax, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for Equifax, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

16. Alternatively, TransUnion, LLC failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for TransUnion, LLC to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

17. On March 11, 2016 Plaintiff ordered a second three bureau report from Equifax, Inc. to ensure the accounts that were in dispute were being property reported.

18. Plaintiff's accounts were disputed but the Defendants; Equifax, Inc.; and TransUnion, LLC failed to correct the misleading and inaccurate statements on the account within the statutory time frame or, alternatively, at all.

19. The credit bureaus have an obligation to delete the tradeline when a response is not received by the furnisher within the statutory time frame.

20. The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

21. The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

**FIRST CAUSE OF ACTION**
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))

(Against Defendants and Does 1-100)

**Equifax, Inc. and TransUnion, LLC- Failure to Reinvestigate Disputed Information.**

22. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

23. After Plaintiff disputed the accounts mentioned above, Defendants Equifax, Inc. and TransUnion, LLC were required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, Defendants were required to send all relevant information to the furnishers which they did not do. Defendants failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

**Allied Collection Services of California, LLC and Ford Motor Credit Company, LLC – Reporting Inaccurate Information to Defendants Equifax, Inc. and TransUnion, LLC and Failure to Reinvestigate.**

24. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

25. 15 USC 1681s-2(b) prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

26. Defendants Allied Collection Services of California, LLC and Ford Motor Credit Company, LLC violated section 1681s-2(b) by failing to conduct a reasonable investigation and re-reporting misleading and inaccurate account information regarding Plaintiff's accounts. Defendants Equifax, Inc. and TransUnion, LLC provided notice to the defendants that Plaintiff was disputing the inaccurate and misleading information but each of the Defendants failed to conduct a reasonable investigation of the information as required by the FCRA.

27. Specifically, Defendant Allied Collection Services of California, LLC (account beginning in D8094) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections, despite Plaintiff's chapter 7 discharge..

28. Defendant Ford Motor Credit Company, LLC (account beginning in 1013) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting Plaintiff's account as late in the account status portion of Plaintiff's credit report, despite Plaintiff paying off the account.

29. Defendant Ford Motor Credit Company, LLC supplied inaccurate and misleading information by implying that Plaintiff was late despite having paid the account in full.

## SECOND CAUSE OF ACTION
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**Allied Collection Services of California, LLC and Ford Motor Credit Company, LLC – Reporting Inaccurate Information to Defendants Equifax, Inc. and TransUnion, LLC.**

30. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

31. Defendants Allied Collection Services of California, LLC and Ford Motor Credit Company, LLC intentionally and knowingly reported misleading and inaccurate account information to Equifax, Inc. and TransUnion, LLC.

32. Plaintiff alleges that Defendants re-reported misleading and inaccurate account information, as stated in paragraphs 8-10 and 26-29 to Equifax, Inc. and TransUnion, LLC in violation of California Civil Code § 1785.25(a).

33. Plaintiff also alleges that Defendants had reason to know that the information reported on Plaintiff's accounts were misleading and inaccurate.

34. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation should have provided notice to Defendants of its misleading and inaccurate reporting.

35. Plaintiff alleges that the subsequent payment in full her account held with Ford Motor Credit Company, LLC should have informed Ford Motor Credit Company, LLC that the account status was not to be listed as late.

36. Defendants failed to notify Equifax, Inc. and TransUnion, LLC that the information Defendants re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

37. Defendants' communications of false information, and repeated failures to investigate,

and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

38. As a direct and proximate result of Defendants' willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 7, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

39. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

d. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

e. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and

f. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o.

Dated: June 7, 2016            By:            **SAGARIA LAW, P.C.**
                                               */s/ Elliot Gale, Esq.*
                                               Scott Sagaria, Esq.
                                               Elliot Gale, Esq.
                                               Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of this matter by jury.

1
2  Dated: June 7, 2016
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SAGARIA LAW, P.C.**
*/s/ Elliot Gale, Esq.*
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff